**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------X
DZMITRY KAZACHOK,
                *Plaintiff*,

-against-

AGA TRUCK PARTS, INC., and ALEX
SKORY A/K/A ALEX SKORKY
                *Defendants*.
------------------------------------------------------X

Civil Action No.:

**COMPLAINT**
**JURY TRIAL DEMANDED**

DZMITRY KAZACHOK ("Plaintiff") by and through his attorney, Gennadiy Naydenskiy, Esq., upon his knowledge and belief, and as against AGA TRUCK PARTS, INC., and ALEX SKORY A/K/A ALEX SKORKY (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff is a former employee of AGA TRUCK PARTS, INC. at 210 41st St #202, Brooklyn, NY 11232 that was owned and operated by Defendant ALEX SKORY A/K/A ALEX SKORKY.

2. Defendants own, operate, and/or control a machinery parts manufacturer located at 210 41st St #202, Brooklyn, NY 11232.

3. Plaintiff was employed as an account executive from approximately July 2012 until March 18, 2022.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours he worked each week over 40 hours.

1

5. Further, Defendants failed to provide Plaintiff with the proper wage notices and statements under the New York Labor Laws.

6. Plaintiff now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. Plaintiff DZMITRY KAZACHOK ("Plaintiff KAZACHOK was employed by Defendants at a truck parts distributer owned and operated by Defendants from approximately July 2012 until March 18, 2022.

10. AGA TRUCK PARTS, INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 210 41st St #202, Brooklyn, NY 11232.

11. Defendant ALEX SKORY A/K/A ALEX SKORKY is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ALEX SKORY A/K/A ALEX SKORKY is sued individually in his capacity as an owner, officer and/or agent of Defendant AGA TRUCK PARTS, INC. ('Defendant Corporation').

12. Defendants ALEX SKORY A/K/A ALEX SKORKY possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

13. Defendant ALEX SKORY A/K/A ALEX SKORKY determined the wages and compensation of the Plaintiff.

14. Defendant ALEX SKORY A/K/A ALEX SKORKY had the power to hire and fire Plaintiff and other employees of the Defendants.

15. Defendant ALEX SKORY A/K/A ALEX SKORKY set Plaintiff's schedules.

16. Defendants possessed substantial control over Plaintiff's working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

17. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

18. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

19. Upon information and belief, Defendant had a gross annual volume of revenue of not less than $500,000.

PLAINTIFF DZMITRY KAZACHOK

20. Throughout his employment with defendants, Plaintiff KAZACHOK was employed as an account executive in the machinery parts manufacturer at 210 41st St #202, Brooklyn, NY 11232.

21. Plaintiff KAZACHOK regularly handled goods in interstate commerce, such as fruits and other supplies produced and originating from outside the state of New York.

22. Plaintiff KAZACHOK's work was supervised and his duties required neither discretion nor independent judgment.

23. Plaintiff KAZACHOK regularly worked in excess of 40 hours per week.

24. During 2016, Plaintiff KAZACHOK worked for approximately 52 hours per week.

25. During 2017, Plaintiff KAZACHOK worked for approximately 50.5 hours per week.

26. During 2018, Plaintiff KAZACHOK worked for approximately 46 hours per week.

27. During 2019, Plaintiff KAZACHOK worked for approximately 43.33 hours per week.

28. During 2020, Plaintiff KAZACHOK worked for approximately 41.6 hours per week.

29. During 2021, Plaintiff KAZACHOK worked for approximately 41.5 hours per week.

30. During 2022, Plaintiff KAZACHOK worked for approximately 41.2 hours per week.

31. From approximately April 2016 until November 2016, Defendants paid Plaintiff an average of $2,733.20 per week.

32. From approximately December 2016 through January 2017, Defendants paid Plaintiff an average of $2,214.91 per week.

33. From February 2017 through September 2017, Defendants paid Plaintiff $38.18 per hour for 50 hours worked and $26.34 in cash for hours worked over 50.

34. From October 2017 through June 2020, Defendants paid Plaintiff $38.18 per hour and an additional $4 an hour in cash for every hour.

35. During July 2020, for a few weeks, Defendants paid Plaintiff $39.18 per hour and an additional $4 an hour in cash for every hour.

36. From approximately July 20, 2020 until March 18, 2022, Defendants paid Plaintiff $40 per hour and an additional $4 an hour in cash for every hour.

37. No proper notification was given to Plaintiff KAZACHOK regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

38. Defendants never provided Plaintiff KAZACHOK with each payment of wages a proper statement of wages, as required by NYLL 195(3).

39. Defendants failed to provided Plaintiff KAZACHOK all of the proper and complete notices in English and in Russian (Plaintiff KAZACHOK's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

40. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

41. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

42. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

43. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

44. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

45. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

46. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

47. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE REQUIREMENT OF THE NEW YORK LABOR LAW

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. Defendants failed to provide Plaintiff with a written notice, in English and in Russian (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

50. Defendants are liable to Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

51. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

52. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

53. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendant's violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(a) Declaring that Defendant's violations of the New York Labor Law were willful as to Plaintiff;

(b) Enjoining Defendants from future violations of the NYLL;

8

(c)   Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(d)   Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(e)   Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(f)   Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(g)   Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(h)   Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(i)   All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: June 15, 2022

NAYDENSKIY LAW FIRM, LLC

*/s/ Gennadiy Naydenskiy*
Gennadiy Naydenskiy (GN5601)

426 Main St, #201  
Spotswood, NJ, 08884  
718-808-2224  
*Attorney for Plaintiff*

Я являюсь ныне работающим или бывшим работником компании AGA Truck Parts, Inc., Alex Skory a/k/a Alex Skorky, и/или связанных с ней юридических/физических лиц. Настоящим я даю согласие выступать в качестве Истца по данному иску с целью потребовать возмещения ущерба в связи с нарушениями Закона о справедливых трудовых стандартах согласно параграфу 216(b) титула 29 Свода законов США [29 U.S.C. 216(b)].

    Настоящим я назначаю компанию Naydenskiy Law Firm LLC представителем моих интересов в суде по данному иску и даю свое согласие, в случае необходимости, на обращение в суд с иском от имени остальных лиц, оказавшихся в аналогичной ситуации.

Дата: 04/06/2022

_Dzmitry Kazachok_

_____

Подпись:

Dzmitry Kazachok

_____

Полное имя согласно удостоверению личности (печатными буквами)